The first part of the deed appeared to have been drawn by the person first employed. The subsequent clause, beginning with the words, “ addition to the above,” are in the hand writing of Judah Barret, the intended husband. And the clause succeeding that, was drawn by Col. Chappel, as directed by Judah Barret.
The cause came to a hearing, and after argument, Chancellor Desaussure delivered the following decree :
RECREE.
This is a bill filed by a wife, by her next friend, against her husband, they having quarrelled and parted, 4o have alimony out of the estate of her husband, and to have the benefit of a marriage settlement, made immediately before the marriage. The demand for alimony was however abandoned at the trial, so that we have only to Consider the second claim.
The deed is imperfectly drawn, and was done by piecemeal. The first part by a professional man ; then follows a clause inserted by Mr. Barret himself,* and finally, the last clause inserted at the desire of Mrs, Bookter, through her agent and Mr. Barret, by another '.professional gentleman.
The property to be settled was wholly the wife’s, ifi possession or expectation. The principal question is relative to what, property is comprehended in the deed.,
*451 The deed was prepared by the counsel, at the instance of Mr. Barret, so that if there are any imperfections, they are attributable to him. And certainly there is some obscurity as to what was intended to be comprehended in it. To prove what property was intended to be comprehended in the deed, parol evidence was offered by the complainant, and opposed by the defendant. I heard the evidence provisionally, reserving the right to use, or reject it, as I should think proper on reflection. And if ever there existed a case, to prove the wisdom of the statute, in forbidding the reception of .parol evidence, to explain a deed, this is that case. For one witness deposed, that Mrs. Bookter objected to the draught of the deed, because it did not express ly include the property she expected from her mother, (which is the property now chiefly lin question,) and that she desired, and Mr. Barret assented, to an amendment of the draught, so as to comprehend that property. And that he, the witness, and the other witness, Mr. Harman KLinsler, and Mr. Barret, the intended husband, went in search of counsel, to have the addition made 5 and a clause was added. Also, that on their return to Mrs. Bookter, she said, when it was read, lhat it did not contain the property she meant; to which Mr, Barret answered, that it did, in a short way. The other witness, who appeared tome to deserve the confidence of the court, testified, that he was present at the whole of the times spoken of by the preceding witness, and lie does not remember a word being said about the mother’s property ; or in short, any thing which the other witness deposed relative to it. That the instructions given to him by Mrs. Bookter, who gave him the deed, were to have an addition made to the deed, ss as to comprehend the crop then on hand, and to .secure the life estate she was entitled to, in property derived from her husband, Bookter, under a certain deed. That those instructions were given to counsel, who added a clause comprehending the crop, and the said life estate. And this appears to be so on the face of the deed.
*452 The contradiction in this case, demonstrates the ^ie statute, and shews the extreme caution which should be used in receiving parol evidence, to add to a deed. I feel bound to reject the whole of this testimony, But if I were at liberty to receive it, the contradictions would neutralize it, and prevent me from adding any tiling to this deed on such testimony.
The case intended to have been made out by this parol evidence, has not then been made out. This brings us to the consideration of the deed itself. The first pail conveys certain specified property. The deed then goes •on to say, “ and whereas the aforesaid parties, are a%’ present unadvised as to any thing further,” &c.
The last clause added by counsel, is in the following words, viz.
“And it is further agreed between the parties aforesaid, that the right which the said Judith Booktef lias to certain negroes,” &fc.
At the time of the execution of the deed, Mrs. Buckler had a mother living, possessed of a good deal of property, from wholn she had considerable expectations.. The mother has since died, intestate, and the property expected, did come to her, of which Mr. Barret has possessed himself. The question is, whether the words also any other property that may hereafter fall to the said Judith, in the manner and form herein intended,” comprehended the property which afterwards came to Mrs. Barret on the death of her mother.
After mature consideration, 1 am of opinion, that they do comprehend that property.
The position of the words is of no importance, especially in a deed, so inartificially drawn. And if this construction be not given, these words can have no meaning or effect. The words certainly do evidently speak of, and refer to other property than that first spoken of and specified in the deed. And it manifestly refers to future acquisitions, for the words “ also, any other property that may hereafter fall to the said Judith,” cannot be satisfied by their application to property then possessed !>y Mrs, Barret, or to which she \ygs entitled. Hep ez- *453 jactations of any property, seem to have been from her toother only, and therefore probably that property was contemplated. But the- words are broad enough to cover •any property which might fall in to her, and were intended to secure the same to her. Her mother’s property has so fallen in, and I think is secured to her by the deed. The words “ in manner and form herein intended,” do not, as was contended for defendant, limit the effect of the words, as to the property intended to be comprehended, but seem to have been intended to express the idea that the limitations of the property, which should fall in, ■to Mrs. Barret, should be the same as were expressed in relation to the property, more particularly specified in the deed.
it was further contended for the defendant, that the deed contains no clause securing any property to the separate use of tho wife,• and that though the court is noi; scrupulous in requiring explicit or technical words, indicating that the property is to enure to the seperate use of the wife, yet the deed must contain some expression shewing such intent, otherwise the property will not enure to her seperate use, but the marital rights will attach. This is in some measure time ; but witli qualifications. Tne evident intent of the deed was to secure the property of the wife to her separate use, and the court will catch at any expression, any where in the deed, to give effect to that intention. In the construction of articles, or of deeds with reference to articles, Courts of Equity will make the expression subservient to the manifest intention of the parties, either by controlling the strict and ordinary sense of the words, or by supplying necessary words. And X think the distinction taken by tho counsel for the complainant is coirect, that though a bequest or gift of property toa woman, aliunde, without words expressing an intent that it should be to her separate use, will let in tiie marital rights; yet, where the intended husband himself executes a deed to secure to his intended wife, her property, it is evident that a separate estate, beyond the Control of the husband is intended r else the deed was unnecessary and is useless.
*454 I am of opinion, that upon the whole of this deed, cK-ecated hr the intended husband, and his intended wife, it was intended that the wife should have a separate es,a£e . and its general provisions are adequate to that end.
It was further Contended, that Mrs. Barret had jo irí a cd Mr, Barret in selling the real estate, and had released her inheritance to the purchaser. This certainly was a» irregular act, audit may hereafter be productive of contests between the children and the purchaser.
But at any rate, the proceeds of the sale ought to bo held to the same uses that the land itself was. The same may be remarked of the price of the two settled negroes, sold by Mr. Barret, with Mrs. Barret’s consent. As to his having obtained a larger price than their value, from the desire of the purchaser to get the negroes, from motives of humanity, the inducement of the purchaser was of no importance. The slaves have produced a certain price, mid that amount is liable to the uses of the deed. The clause for further and better assuring the property to the uses of the settlement, ought to aid, and give effect to the intent, so as to secure the proceeds of the sales of any of the settled property to the, uses and purposes of the deed.
I have heretofore spoken of this paper as a deed ; but if really does not deserve that name. It is a most in-artificial paper, and ought not to he treated as any thing but a paper containing the heads of an agreement; and which is entitled to every aid from the court, to give full effect to the intent of the parties. No trustee is named therein, to protect the rights of the wife; but as the intended husband undertook to get a proper deed drawn, the court will attribute its imperfections to him, and will supply ail its defects. A trustee will be appointed on her behalf.
As there are no creditors in this case, no objection can arise from others, as to the want of specification of the. whole property, intended to be covered by the Settlement,
*455 If is therefore ordered and decreed,, that the case be referred to the commissioner, to ascertain the property belonging to the trust estate, by virtue of the marriage agreement, or articles mentioned in the deed; and according to the force and effect of the said agreement, as expressed in this decree. Also to ascertain and report what is due to the complainant, for the use os* waste of any part of such property by the defendant.
It is also ordered, that the commissioner do deviso and report such further conveyance or assurance, as may fee necessary, for the defendant to “sacate, to carry the said agreement into eíCíci,
It is erdared, that Daniel Faust and Sterling Williamson, be appointed trustees for the complainant, as to the trust property, and under the decree of this court j and that they take immediate possession of the estate j- and that the trustees do prevent both parties from having any agency or power over the same, so as to destroy any part of the capital of the settled property.
IliiNEX W. Dbsatissctrb.
From this decree an appeal was made on the following grounds :
First, — Because the decree is wrong in ordering the defendant to account for the estate, which was acquired from complainant’s mother, Mrs. Dougherty.
Second, — Because the decree makes defendant liable for lands, in which complainant had renounced her right of inheritance.
Third,. — Because the decree makes the defendant liable for two negroes, which complainant herself joined in conv eying away.
Fourth, — Because decree makes defendant accountable for the mides and stock which he raised.
Fifth, — Because the decree makes defendant ao countable for the use of the estate, when by the terms of the deed itself, he had a right to the use of it.
Sixth, — Because the decree is contrary to equity.
Seventlp — Because there being no words of separate *456 use to the wife, the defendant ought not to be divested e.f rights.
Eighth, — Because the deed could only embrace the esfa¿e tjjer! jn possession, and no oiher.
Waiter Crehshaw, Deft’s. Sol."
The appeal was heard, and the court delivered the following decree :
The great point made in this case respecting the property which came from the mother, having been pro-party disposed of by the decree, on which point it is affirmed, a subordinate question new arises; whether Judith Barret, the appellant, is entifledto a separate' use, in the property settled upon her by the deed.
- I find it laid down in the cases cited by the appellant’s counsel, that it is necessary to shew a decided intention, that the husband shall have no interest whatever, Lamb vs. Nelney, 5 Vezey, jr. 521, I’ll at there must be an expression of a separate use, or the marital right will attach — 2 Vezey, 279. Ami further, that as implication is not to be set up against the claims of the wife, so neither is it to be pressed against the husband, so as to give a separate use to the wife — 8 Vezey, jr. 377. Then the cases are very clear, that in decreeing a separate use, we; ought first to find an expression of a decided intention to that effect in the deed ; and that a wife shall not .take & separate use by implication.
The strong ground taken by the counsel for appellant was that of intention. To this point they cited the case of Lee vs. Privaux. 3 Bro. C. C. The legacy in that . case was left to Sophia Lee, wife of Richard Lee, a bankrupt, with the following special power : “ Her receipt in writing shall be a sufficient discharge to any of said trustees.” The words, “notwithstanding her coverture,^ were omitted, and yet the master of the rolls decreed that there is a clear intent tobe collected from the words of this clause, that the testatrix meant, that Mrs. Lee, though a married woman, should have the power to give a discharge so as to bar her husband-,.•
*457 The words used in the marriage settlement, are by -Ü0 means so strong’ as those recited from the will. The uses of the deed are declared in the following words: « The said Judith JBarret being desirous of settling and limiting her property in a particular way, the property ■described, shall be limited to, the said Judith Barret, during her natural life, and to such issue as she may have by the said Judah Barret, and in case the said Judah shall survive the said Judith, and she should leave no issue, the whole of the property is to descend to the said Judah.”
Now the word property only is constantly used in. the deed, and the sole intention appears to be to limit that alone, and not the separate use. There is nothing expressed about it; nor is the wife, as in the will mentioned, empowered to do any act, such as giving a receipt or discharge, which would constitute her a feme sole. Then as no decided intention is apparent in the deed, and there Is clearly no expression to that effect on the face of it> we are bound not to resort to implication : and the consequence is, that the use was joint in the husband and wife, and the marital rights must attach.
An application has been made by her counsel to the court for a share of the proceeds of the estate.
I am of opinion it should not be allowed, unless byway of aliinorw, for which she must file her bill and shew her right. The husband has offered to co-habit with her jf she will return. In the case of Brown and Clark, 3 Vez. 166, the assignees of a bankrupt husband were taking the wife’s fortune out of court $ she would have .been destitute, and the court decreed her a provision. — * For this there was a good reason, the court would not-suffer her to starve. But in the case of Head vs. Head, 3 Atkins, 295, the Same offer to co-habit-was made by the husband as in the present case, and although 4Q0L was allowed, yet it was on the express agreement of the husband for the past time, and no future maintenance wad allowed to the wife. To permit it in the present rase, or any other thus situated, would be to encourage the wife to live separate from the husband.
*458 Therefore let the decree be reversed on the singlé point of the wife’s being entitled to a separate use.
Theodore Gailxard.
W. Thompson.
Thomas Waties,
W. B. James.